```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,
```

|                    |                              |
|--------------------|------------------------------|
| Plaintiff(s),      | **REPORT AND RECOMMENDATION** |
| -against-          | CV 06-0657 (DRH) (WDW)       |

STEVE E. OCHS,

                      Defendant(s).
----------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

      Before the court is defendant Steve E. Ochs' motion for leave to file a third-party complaint against Professional Financial Planners, LLC ("PFP") and Lawrence H. Hurwitz (collectively "Hurwitz"). Docket Entry ("DE") [24]. The proposed third-party complaint has been submitted as Exhibit A to counsel's affidavit. Plaintiff Berkshire Life Insurance Company of America ("Berkshire") has submitted "partial opposition" to the request. By order dated December 12, 2007, Judge Hurley recommended defendant's motion to the undersigned for report and recommendation. For the reasons set forth herein, it is recommended that the motion be granted in part and denied in part.

## BACKGROUND

      Berkshire brought this action in New York state court seeking rescission of a disability income policy issued to defendant Ochs on the grounds that he made material misrepresentations in his policy application. Ochs removed the action to this court, and served a Second Amended Verified Answer and Counterclaim asserting two counterclaims: for breach of contract and for a declaratory judgment that the policy remains in full force and effect, that Ochs is totally disabled within the meaning of the policy, and that benefits shall be paid to Ochs. DE [11].

An initial conference was held before the undersigned on November 1, 2006, at which time the undersigned adopted and So Ordered the joint proposed scheduling order submitted by the parties. Order of 11/1/06, DE [18]. The scheduling order required that any motions to amend the pleadings or to join new parties be made by January 30, 2007. DE [17]. Subsequent to the court's issuance of an order extending other deadlines, defendant moved to "permit Defendant to file on or before August 31, 2007, a motion to amend pleadings to include a third party." DE [23]. Counsel's affidavit in support indicated that defendant specifically wanted until that date "to move to amend his pleadings to add Lawrence Hurwitz as a third party defendant." Quiat Aff. ¶25, DE [23-2]. Defendant's motion was granted by electronic order dated August 3, 2007. On August 17, 2007, defendant filed the instant motion for leave to serve a third-party complaint.[1]

**DISCUSSION**

Defendant's proposed third-party complaint contains three causes of action against both Hurwitz and PFP. Berkshire's opposition to defendant's motion to file a third-party complaint is limited to the first of cause of action, Ochs's claim for "a declaratory judgment to the effect that Third Party Defendants Hurwitz and Professional Financial Planners, L.L.C. are agents of Plaintiff, and as such Plaintiff is imputed to have whatever knowledge was provided to said agents by Third Party Plaintiff Ochs." Quiat Aff. Ex A., Prop. 3rd Party Compl. ¶7. Plaintiff Berkshire has not opposed the motion as to the remaining two causes of action, breach of

---

[1] Berkshire suggests in its Statement of Facts that Ochs should not be allowed to name PFP as a third-party defendant since Ochs only sought permission to file a third-party complaint against Hurwitz. Pl Mem. in Opp., p 3. Berkshire does not, however, suggest that it would be in any way prejudiced by allowing Ochs to file his complaint against the entity PFP in addition to Hurwitz individually.

contract and negligence.

Rule 14 of the Federal Rules of Civil Procedure provides in part that a defendant may serve a third-party complaint "upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). Plaintiff argues that the proposed cause of action does not seek to hold Hurwitz and PFP liable, but rather is effectively a "disguised counterclaim" asserted against Berkshire. Pl's Mem. in Opp., p. 5, DE [25]. Ochs characterizes Berkshire's position as "premature and misconceived." Reply Ltr. p. 1, DE [26]. On its face, the proposed cause of action does not appear to be a proper subject for a third party complaint, as it does not seek to hold Hurwitz liable for any part of Berkshire's claim against Ochs. Rather, the relief sought, a declaration that Hurwitz's knowledge is imputed to Plaintiff, appears to be an attempt to provide legal support for Ochs's existing counterclaim for a judgment that the policy remains in full force and effect.

Assuming arguendo that the proposed cause of action is appropriate for a third party claim, it is not a proper subject for declaratory relief. The Declaratory Judgment Act provides in part that a court "may declare the rights and other legal relations of any interested party seeking such declaration" and "shall have the force and effect of a final judgment or decree." 28 U.S.C. §2201. A declaration that Hurwitz was Berkshire's agent and that his knowledge is thus imputed to the company would not constitute any type of "final judgment." The relief sought is not a declaration of relief, but rather an intermediate finding or a finding on an element of some other cause of action. As such, it is not a properly pled cause of action for declaratory judgment.

Ochs states in his reply papers that the declaratory judgment "seeks only to establish the

capacity in which these Third Party Defendants acted" and further notes that the "legal consequences of that capacity are for the Court to decide at the appropriate time." Quiat ltr. at 2. These statements, however, directly contradict the proposed cause of action as currently phrased. The proposed cause of action does not merely seek a declaratory judgment that Hurwitz acted as plaintiff's agent, but further seeks to compel the legal conclusion that Hurwitz's knowledge is imputed to Berkshire. And, even if the proposed cause of action were limited to seeking declaratory relief that Hurwitz acted as Berkshire's agent, such a finding would not be a final judgment contemplated by the remedy of declaratory judgment.

Even if defendant's proposed cause of action could be deemed to state a valid claim for declaratory relief, plaintiff further argues that claim would be futile. As part of his application, Ochs signed a "Representations of the Proposed Insured and Owner" form which includes a clause, on the same page as his signature, that reads "[n]o agent, broker or medical examiner has any right to accept risks, make or change contracts, or to waive or modify any of the Company's rights or requirements." Summer Aff., Ex. A, DE [25-8]. As the case law provided by plaintiff indicates, where a clause limiting the agent's authority appears on the same page as the applicant's signature, knowledge by the agent cannot be imputed to the insurer and is "irrelevant as a matter of law." *New England Life Ins. Co. v. Taverna,* 2002 WL 718755, at *12 (E.D.N.Y. Mar. 1, 2002) (citing *Friedman v. Prudential Life Ins. Co.,* 589 F. Supp.1017, 1023-24 (S.D.N.Y. 1984)); *see also Estate Funds, Inc. v. American Gen'l Life Ins. Co.,* 1990 WL 124516, at *3 (S.D.N.Y. 1990) ("where the insured is on notice that agents of the insurer do not have the authority to waive terms of the policy, information received by agents of the insurer is not imputable to the insurer"). Defendant does not attempt to challenge or distinguish these cases,

4

either by providing contrary argument or case law, but suggests only that discovery is necessary. On the uncontroverted case law provided by plaintiff, the court finds that even if Ochs were able to establish after discovery that Hurwitz acted as Berkshire's agent, that fact would be irrelevant, as held in the cases cited above, and thus the proposed cause of action is futile.[2]

It is therefore recommended that defendant and third-party plaintiff Ochs's motion for leave to file a third-party complaint be denied as to the first proposed cause of action and granted as to the second and third proposed causes of action.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
March 25, 2008

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge

---

[2] Again, Ochs seeks to establish the agency relationship between Berkshire and Hurwitz not in an attempt to establish Hurwitz's liability, but rather to prove his counterclaim against Berkshire. As such, the remedy sought by Ochs is akin to a counterclaim against Berkshire rather than a third-party claim.

5