UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

                Plaintiff,   **MEMORANDUM & ORDER**
    -v.-   06-CV-0657 (DRH)(WDW)

STEVE E. OCHS,

                Defendant.
----------------------------------------------------------------X
STEVE E. OCHS,

                Third-Party Plaintiff,
    -v.-

LAWRENCE H. HURWITZ and
PROFESSIONAL FINANCIAL PLANNERS, LLC,

                Third-Party Defendants.
----------------------------------------------------------------X

**Appearances:**

**For Third-Party Plaintiff:**
**USCHER, QUIAT, USCHER & RUSSO**
433 Hackensack Avenue
Hackensack, New Jersey 07601
By: Michael E. Quiat, Esq.

**For Third-Party Defendant Professional Financial Planners, LLC:**
**THE LAW OFFICES OF EDWARD GARFINKEL**
110 William Street
New York, New York 10038
By: Barry R. Temkin, Esq.

**HURLEY, Senior District Judge**:

        Plaintiff Berkshire Life Insurance Company of America ("plaintiff" or

"Berkshire") brought this declaratory judgment action against policy holder defendant Steve E.

Ochs ("Ochs") seeking to void a disability income policy (the "policy") on the grounds of

material misrepresentations in the application for disability income insurance. On April 2, 2008, Ochs filed a third-party complaint against third-party defendants Lawrence H. Hurwitz ("Hurwitz") and Professional Financial Planners, LLC ("PFP") (collectively "third-party defendants"), alleging breach of contract and negligence in connection with the policy. Presently before the Court is PFP's motion to dismiss the third-party complaint as to PFP pursuant to Federal Rule of Civil Procedure ("Rule")12(b)(6). For the reasons stated below, PFP's motion is granted, and Ochs is given thirty days to amend his pleading.

## BACKGROUND

### I.    *Factual Background*

The following facts are taken from the third-party complaint (and the underlying complaint)[1] and are presumed true for purposes of this motion.

In November 2003, Ochs was advised by his insurance broker Hurwitz to upgrade his disability insurance coverage and to obtain whole life insurance. (Third-Party Compl. ¶ 7.) Hurwitz prepared Ochs's disability income insurance application (the "application"), securing the pertinent information from Ochs from responses to questions contained in the application. (*Id.* ¶¶ 7-9.) Hurwitz then provided the application to Ochs for his signature. (*Id.* ¶ 10.)

In December 2003, Ochs submitted an application to plaintiff Berkshire. (*Id.* ¶ 4.) In his application, Ochs stated, inter alia, that he had no other personal or business disability income insurance in force and that he had no prior hearing or throat impairments. (*Id.* ¶¶ 6-10.)

---

[1]Third-party plaintiff Ochs states in his memorandum of law in opposition that "although no documents were attached to the third-party complaint, the third-party complaint certainly incorporates by reference the underlying Complaint and Amended Answer and Counterclaim in this matter, as well as Ochs's application for disability insurance, prepared by Hurwitz, which is attached to the policy and hence part of the exhibit to that complaint." (Third-Party Pl. Ochs's Mem. of Law in Opp'n to Third-Party Def. PFP's Mot. to Dismiss, at 7.)

On February 4, 2004, Berkshire issued a policy to Ochs. (*Id*. ¶ 11.) On February 8, 2004 and March 9, 2004, Ochs reaffirmed the answers on the application in two Amendments to the application. (*Id*. ¶¶ 13-14.) In March or April 2005, Ochs submitted a notice of claim for benefits under the policy to Berkshire asserting that he had become disabled on February 4, 2005 based on "vocal chord scarring." (*Id*. ¶ 15.) By letter dated January 23, 2006, Berkshire rescinded Ochs's policy, declared it null and void and tendered a full refund of the premiums paid by Ochs. (*Id*. ¶ 24.)

## II.    *Procedural Background*

On or about February 1, 2006, Berkshire commenced the underlying action in New York Supreme Court, Nassau County seeking rescission of the policy it had issued to Ochs on the basis that he had made material misrepresentations and omissions in his policy application. Thereafter, on February 14, 2006, Ochs filed a Notice of Removal and the case was removed here. On March 27, 2006, Ochs filed an Answer and Counterclaim, on June 16, 2006, he filed an Amended Answer and Counterclaim, and on August 17, 2006, Ochs filed a Second Amended Answer and Counterclaim.

On August 17, 2007, he moved for leave to file a third-party complaint against Hurwitz and PFP. By Report and Recommendation, dated March 25, 2008, Magistrate Judge William D. Wall recommended that the motion be granted in part and denied in part, which this Court adopted by Order, dated March 31, 2008.[2] Thereafter, on April 2, 2008, Ochs filed a third-party complaint against Hurwitz and PFP. It is this pleading which is the subject of the instant

---

[2]This Court adopted the Report and Recommendation that Ochs's motion to file a third-party complaint against the third-party defendants be denied as to the first proposed cause of action (declaratory judgment) and granted as to the second and third proposed causes of action (breach of contract and negligence). (*See* Order dated March 31, 2008.)

-3-

motion. Third-party defendant PFP now moves by the instant motion to dismiss the third-party complaint as to it pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### III. *Factual Allegations Relating to PFP*

In the third-party complaint, the factual allegations relating to PFP are as follows:

> 3. Professional Financial Planners LLC (PFP) is a limited liability company[3] organized and existing under the laws of the State of New York. Upon information and belief, the third-party defendant Lawrence H. Hurwitz is a principal of third-party defendant Professional Financial Planners, LLC.
>
> 4. Third-party defendants Hurwitz and Professional Financial Planners, LLC are general agents of the plaintiff Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire").

(Third-Party Compl., ¶¶ 3-4.)

### IV. *Claims Asserted in the Third-Party Complaint*

The third-party complaint asserts two causes of action against third-party defendants Hurwitz and PFP, namely (1) breach of contract and (2) negligence. (Third-Party Compl, First Cause of Action, ¶¶ 1-3; Second Cause of Action, ¶¶ 1-4.)

### *DISCUSSION*

### I. *Motion to Dismiss: Legal Standards*

---

[3] A limited liability company is defined as "an unincorporated organization of one or more persons having limited liability for the contractual obligations and other liabilities of the business . . . other than a partnership or a trust . . . ." N.Y. Ltd. Liab. Co. Law § 102(m) (McKinney 2007); *see Netjets Aviation, Inc. v. LHC Communications, LLC*, 537 F.3d 168, 176 (2d Cir. 2008) ("A limited liability company [or LLC], formed by one or more entities and/or individuals as its members, is an entity that, as a general matter, provides tax benefits akin to a partnership and limited liability akin to the corporate form.") (internal quotation marks and citations omitted) (brackets in original).

A complaint is subject to dismissal under Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The test is whether the plaintiff is entitled to offer evidence to support his claim, not whether he is ultimately likely to prevail. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). A court must liberally construe the claims and "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court recently addressed the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that *Twombly* does not require a universally

heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, *Twombly* "'require[s] enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974). Although *Twombly* did not make clear whether the plausibility standard applies beyond the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Commn's, Inc.*, 493 F.3d at 98 n.2.

## II. Breach of Contract Claim

Third-party plaintiff Ochs's first cause of action asserts a claim for breach of contract and states as follows:

> To the extent that the third-party defendants Hurwitz and Professional Financial Planners, L.L.C. chose to omit certain information which had been provided by third-party plaintiff Ochs, then third-party defendants Hurwitz and Professional Financial Planners, L.L.C. breached their contract with third-party plaintiff Ochs, in failing to carry out their legal responsibilities to third-party plaintiff Ochs in an appropriate manner.

(Third Party Compl., First Cause of Action, ¶ 2.)

"To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1996); *see Isik Jewelry v. Mars Media, Inc.,* 418 F. Supp. 2d 112, 127 (E.D.N.Y. 2005); *Sudano v. Nayci Contracting Assocs., LLC*, No. 10618/07,

2008 WL 2719591, at *4 (N.Y. Sup. July 3, 2008). Although it is not necessary for each factor to be pleaded individually, "a claim that fails to allege facts sufficient to show that an enforceable contract existed between the parties is subject to dismissal." *Berman v. Sugo LLC,* 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). "Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Id.*

In this case, Ochs has not alleged the elements necessary to state a claim for breach of contract against third-party defendant PFP. The third-party complaint fails to provide notice of the contractual provisions allegedly breached or the nature of the breach to PFP. *See Jara v. Strong Steel Doors, Inc.*, No. 14643-05, 2007 WL 2696110, at *8 (N.Y. Sup. Sept. 12, 2007) ("[I]n order to plead a breach of contract cause of action, a complaint must allege the provisions of the contract upon which the claim is based.") (internal quotation marks and citations omitted); *Phoenix Four, Inc. v. Strategic Resources Corp.,* No. 05-CV-4837 (HB), 2006 WL 399396, at *10 (S.D.N.Y. Feb. 21, 2006). The conclusory assertion that PFP breached its contract with Ochs "in failing to carry out [its] legal responsibility to third-party plaintiff Ochs in an appropriate manner" by the omission of certain information, without more, cannot establish the existence of an enforceable agreement between PFP and Ochs. (Third Party Compl., First Cause of Action ¶ 2.)

Notwithstanding, in his memorandum of law, Ochs maintains that there was "an implied contract between Ochs and Hurwitz that Hurwitz would properly prepare Ochs's application for disability insurance. Hence, since Hurwitz is alleged to be a principal of PFP, PFP's potential liability is plain." (Third-Party Pl. Ochs's Mem. of Law in Opp'n to Third-Party

Def. Professional Financial Planners, LLC (PFP) Mot. To Dismiss, at 9).

Prescinding from the question of whether the third-party complaint adequately asserts a claim against the non-moving defendant Hurwitz, the just quoted language from Ochs's Memorandum of Law is unenlightening as to his contract-based claim against PFP. The conclusory assertion that Hurwitz is some type of unspecified "principal" in PFP, absent any concomitant specific factual allegations, leaves PFP, as well as the Court unable to glean from the challenged pleading the basis for charging PFP with breaching a duty owed to Ochs. If the basis is that PFP is responsible for Hurwitz's actions under some type principal/agent, employer/employee, or some other type of relationship, the third-party complaint should so allege with "enough facts to 'nudge [Ochs's] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d at 50 (quoting *Twomley*, 127 S. Ct. at 1974).

In short, the third-party complaint fails to set forth sufficient allegations of a breach of contract cause of action against PFP pursuant to the minimal pleading requirements of Rule 8. Accordingly, the Court grants PFP's motion to dismiss the breach of contract claim.

### III.    Negligence Claim

#### (A)    *Statute of Limitations*

As a threshold matter, PFP argues that Ochs's negligence claim is barred by the statute of limitations. The Court disagrees.

The applicable statute of limitations for Ochs's negligence claim is three years. N.Y. C.P.L.R. § 214(4) (McKinney 2003). "[A]s a general proposition, a tort cause of action cannot accrue until an injury is sustained. That, rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual." *Kronos, Inc. v.*

*AVX Corp.*, 81 N.Y.2d 90, 94 (1993) (citations omitted); *see Schultes v. Kane*, 856 N.Y.S.2d 684, 686 (3rd Dep't 2008) (same); *see also Cunningham v. Insurance Co.*, 521 F. Supp. 2d 166, 171-72 (E.D.N.Y. 2006) (holding that under New York law a negligence cause of action accrues when all elements of a prima facie negligence cause of action can be alleged, including damages and therefore the limitations period for negligence claim accrues either when plaintiff sustains a loss or when the insurance company disclaims coverage). In the case at bar, Ochs's negligence claim against the third-party defendants did not accrue until January 2006, when Berkshire rescinded Ochs's policy and disclaimed coverage. Inasmuch as Ochs commenced the third-party complaint on April 2, 2008, Ochs's negligence cause of action is not time-barred.

### *(B)    Negligence Cause of Action*

Third-party plaintiff Ochs's second cause of action asserts a cause of action sounding in negligence and states as follows:

> 2. By virtue of the foregoing, the third-party defendants Hurwitz and Professional Financial Planners, L.L.C. failed to perform their duties and obligations in a workmanlike and appropriate manner, and failed to adhere to the standards required in the New York insurance industry.
>
> 3. By virtue of the foregoing, the third-party defendants Hurwitz and Professional Financial Planners, L.L.C. were negligent in the handling of Ochs' application for disability coverage. As a result of such negligence, the third-party plaintiff Ochs has been damaged in that he is being deprived of disability income benefits for which he paid and to which he is entitled as a matter of law.

(Third- Party Compl., Second Cause of Action ¶¶ 2-3.) In his memorandum in opposition to the instant motion, Ochs states that his analysis as to the breach of contract claim is also applicable to the negligence cause of action. (Third-Party Pl. Ochs' Mem. of Law in Opp'n to Third-Party Def. Professional Financial Planners, LLC's (PFP) Mot. to Dismiss, at 9.)

In order to succeed on a negligence claim under New York law, a plaintiff must establish the following elements: "(i) a duty owed to the plaintiff by the defendant, (ii) breach of that duty, and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002) (internal quotation marks and citation omitted). "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987) (collecting cases). The legal duty "must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract." *Bristol-Meyers Squibb, Indus. Div. v. Delta Star, Inc.*, 620 N.Y.S.2d 196, 197 (4th Dep't 1994).

Insofar as (i) the conduct set forth in the negligence claim is derived from the alleged contractual obligations of PFP and its purported breach thereof; (ii) this Court has determined that the pleading fails to state a breach of contract cause of action against PFP; and (iii) Ochs has not proffered any additional allegations or circumstances extraneous to the contract as to PFP to support an inference of a legal duty independent of the contract with respect to this claim, Ochs's cause of action for negligence against PFP fails "to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. Accordingly, given the sparsity of allegations in the third-party complaint concerning the relationship between Ochs and PFP and the complete lack of notice to PFP that the pleading provides, the Court grants PFP's motion to dismiss the negligence cause of action.

### *CONCLUSION*

For the foregoing reasons, third-party defendant PFP's motions to dismiss the

third-party complaint against it is GRANTED. Third-party plaintiff Ochs may file an amended complaint within thirty (30) days of the date of this order. Failure to file an amended complaint within thirty days will result in dismissal of the action against PFP with prejudice. Failure to address the pleading concerns enunciated in this order may result in dismissal of the action against PFP with prejudice.

**SO ORDERED.**

Dated: Central Islip, N.Y.
March 24, 2009

/s
Denis R. Hurley,
United States District Judge